# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTEL CLARK and CARMELITA CLARK,

    Plaintiffs,

vs.                                                          No. CIV 04-0921 JB/RLP

MEIJER, INC. and MEIJER STORES
LIMITED PARTNERSHIP, and MEIJER
COMPANIES, LTD., and FRED MEIJER;
DOUG MEIJER; HANK MEIJER; MARK
MEIJER; BILL NOAKS; PAUL BOYER;
STACIE R. BEHLER; ROB VEROSELY;
JEFFREY S. RUEBLE; GREG WINICKI;
DANIEL C. OPPERMAN; JONTZ DAWE
GULLY & CROWN, P.C.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Jontz, Dawe, Gulley & Crown, P.C.'s and Daniel C. Opperman's Motion to Dismiss, filed September 15, 2004 (Doc. 20). The issue is whether Plaintiffs Antel and Carmelita Clark (the "Clarks") can maintain a suit against Defendants Jontz, Dawe, Gulley & Crown, P.C. ("JDGC") and Daniel C. Opperman ("Opperman"), the opposing parties' counsel. Because New Mexico law generally does not permit non-clients to bring negligence claims against opposing counsel unless the non-client was somehow the intended beneficiary of the representation, the Court will grant the motion in part and dismiss the negligence claims against JDGC and Opperman with prejudice. To the extent that the Clarks intend to plead a cause of action sounding in something other than negligence against JDGC and Opperman, the Court will deny the motion.

**FACTUAL BACKGROUND**

For purposes of this motion, the facts pled in the Clarks' Complaint bind the Court. Opperman is a JDGC associate attorney. The Clarks allege that JDGC and Opperman represented the Meijers Defendants in a previous matter. See Complaint at 27.[1] The Clarks' claims against JDGC and against Opperman derive solely from that representation.

**PROCEDURAL BACKGROUND**

The Clarks are proceeding pro se. They vaguely set forth claims against JDGC and Opperman.

The Clarks assert claims against the Defendants for JDGC and Opperman's "prima facie negligence," negligence per se, intentional infliction of emotional and financial distress, malice and fraud. See Complaint at 2. In their prayer for relief, the Clarks again reiterate that their claims against JDGC and Opperman hinge upon the law firm's representation of the Meijer Defendants in "previous matters." Complaint at 35. In their Response to the Defendants' Motion to Dismiss, the Clarks allege that JDGC and Opperman committed "unethical, conspired, unlawful, and prohibited violations," implying that JDGC and Opperman negligently and intentionally continued "to foment litigation." Response at 2-3. The Clarks contend that JDGC and Opperman "perpetrated fraud on the courts, violated the oath/their obligation and duty to obey a certain standard of conduct with regard to" the Clarks. Response at 2-3. The Clarks further allege that JDGC and Opperman "violated their professional responsibility and role in the preservation of society [by] fail[ing] to maintain the highest standard of ethical conduct, misrepresent[ing] legal documents, [and] assert[ing]

---

[1] The Clarks do not set forth this allegation in a specific paragraph. Hence, the Court refers to the relevant page number.

fraudulent defenses for the purpose of harrassment and delay." Response at 3. The Clarks also assert that JDGC and Opperman "directed or encouraged the Meijer Defendants to engage in conduct that is unethical and forbidden to Jontz Dawe Gulley & Crown P.C. and Daniel C. Opperman." Id.

The Clarks allege that JDGC and Opperman "engaged in illegal conduct prejudicial, injurious [sic] to the effective and expeditious administration of the business of the courts and" of the Clarks in two bankruptcy cases. Complaint ¶¶ 18-19, at 6. Again, the Clarks contend that this conduct amounts to "prima facie negligence, negligence per se, conspiracy against citizens rights, intentional discrimination, abuse of judicial procedures, intentional infliction of emotional and financial distress, legal malpractice, obstruction of justice, fraud, misrepresentation, retaliation etc." Id. ¶¶ 18-19, at 6-7. The Clarks contend that JDGC intentionally filed an untimely response to one case under another number with the intent to use technicality, to falsify the response's contents, and to assert a fraudulent defense with the intent to harass and delay. See id. at 27. The Clarks demand $300,000 from JDGC and $300,000 from Opperman to compensate for pain and suffering, for negligence for engaging in unethical, illegal activity, for failing to reasonably resolve, settle, or correct any wrong doing, and for loss to person and property. See id. at 35. It appears the Clarks demand includes a request for both compensatory and punitive damages. See id.

JDGC and Opperman move the Court, pursuant to rule 12(b)(6), for an order dismissing the Clarks' Complaint for failure to state a cause of action on which the Court can grant relief.

### NEW MEXICO LAW ON THIRD-PARTY CLAIMS AGAINST OPPOSING LAW FIRMS

New Mexico law recognizes, with very limited exceptions, that a law firm, or an employee attorney, cannot be held liable for negligence claims brought by a third-party non-client. In Garcia

v. Rodey, Dickason, Sloan, Akin & Robb, P.A., 106 N.M. 757, 750 P.2d 118 (1988), the Supreme Court of New Mexico stated the general rule that:

> An attorney has no duty . . . to protect the interests of a non-client adverse party for the obvious reasons that the adverse party is not the intended beneficiary of the attorney's services and that the attorney's undivided loyalty belongs to the client. Negligence is not a standard on which to base liability of an attorney to an adverse party. An adverse party cannot justifiably rely on the opposing lawyer to protect him from harm; negligence contemplates a legal duty owing from one party to another and the violation of that duty by the person owing it. In the present context, this duty is owed by the lawyer to his client and to the legal system. Negligence does not form a basis for suit by an opposing party.

106 N.M. at 761, 750 P.2d at 122 (citations omitted). Thus, in the absence of a legal duty, the third-party non-client plaintiff has no recognized legal cause of action for negligence against an attorney or the employing law firm.

The Supreme Court in Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A. noted that courts in other jurisdictions have found an attorney's duty of care toward non-clients only where (i) the non-client was an intended beneficiary of the attorney's services; or (ii) where it was reasonably foreseeable that negligent service or advice to or on behalf of the client could cause harm to others. See id. As the Supreme Court observed, viable third party non-client claims arise in situations concerning the drafting of a will or examination of title. See id.

The Supreme Court, in Leyba v. Whitley, 120 N.M. 768, 907 P.2d 172 (1995), noted that, historically, an attorney could not be held liable to a third party for professional negligence absent fraud, collusion, or privity of contract. See id. at 772 n.1, 907 P.2d at 176. The court observed that some courts recognize a tort duty owed by an attorney to a non-client as an exception to the privity requirement. See id. at 772-73, 907 P.2d at 176-77. The court stated:

> In considering relationships giving rise to duty, it seems logical to treat an intended

> (not incidental) third-party beneficiary as though in privity of contract and accord such a beneficiary traditional remedies in the enforcement of promises and common-law duties in his or her own right and not simply in the enforcement of the promisee's right. . . . [H]owever, whether in contract or tort, it is nonetheless the intent of the attorney and client to benefit the third party that forms the basis of a malpractice action by the third party.

Id. at 773, 907 P.2d at 177.  In footnote 3, the Supreme Court stated: "We note that aside from malpractice, a third party has traditional tort claims against an attorney for misrepresentation, fraud, and collusion."  Id. at 773 n.3, 907 P.2d at 177.

## ANALYSIS

The Clarks' claims for negligence lack merit.  The Clarks in this case are in a position similar to that of the plaintiffs in Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.  The Clarks' claims are similar, if not identical, to those the Supreme Court considered in that case.  And the nature of the malpractice claims the Clarks assert do not fall within the categories of claims in which the courts have found a duty by an attorney to a non-client.

As third party non-clients, the Clarks do not have cognizable negligence claims against JDGC and Opperman.  Based upon existing New Mexico law, a third party, non-client's negligence claims cannot survive challenge unless the third party is the intended beneficiary of the legal services rendered or it was reasonably foreseeable that negligent service or advice would harm the plaintiffs.  From the Complaint, there is no indication that the Clarks were intended beneficiaries of the representation that JDGC and Opperman provided to the Meijer Defendants.

The Clarks' response in opposition to JDGC and Opperman's motion to dismiss does not rebut any of the arguments that JDGC and Opperman set forth in their motion.  In support of their claims, the Clarks respond to the motion by restating the allegations set forth in their Complaint as

"undisputed facts" and provide the Court with "exhibits" that do not speak to the legal issues addressed in the motion. The Clarks do not provide legal support for their claim that JDGC or Opperman can be held liable for their negligent conduct in representing the Meijer Defendants in the underlying proceedings. The Clarks do not cite to any applicable cases which refute the propositions set forth in Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.

The Clarks' third-party, non-client negligence claims are untenable under New Mexico law. JDGC and Opperman cannot be held liable to the Clarks, third-party non-clients, on the negligence alleged in the Clarks' Complaint. Because JDGC and Opperman had no duty to the Clarks under the facts alleged, the Clarks' Complaint does not state a valid cause of action under rule 12(b)(6) on any of the claims against JDGC or Opperman. The Court will dismiss the Clarks' claims against these two Defendants with prejudice.

The Court cannot, however, say that the claims in this case are indistinguishable to those in Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A. The Clarks, both in the Complaint and in the Response, allege intentional and fraudulent conduct and conspiracy, as well as negligence. The Court must treat these non-negligence claims separately from the negligence claims. There is New Mexico case law indicating a third party can maintain a claim for misrepresentation, fraud, and collusion without being the intended beneficiary. See Leyba v. Whitley, 120 N.M. at 773, 907 P.2d at 177.

**IT IS ORDERED** that the Defendants JDGC and Opperman's Motion to Dismiss is granted in part and the Plaintiffs' negligence claims against these two Defendants are dismissed with prejudice. The Motion to Dismiss as to the remaining claims is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Antel Clark
Carmelita Clark
Albuquerque, New Mexico

    *Pro se Plaintiffs*

R. Thomas Dawe
Lewis and Roca Jontz Dawe
Albuquerque, New Mexico

– and–

Henry F. Narvaez
Narvaez Law Firm, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Jontz, Dawe, Gulley and Crown, P.C. and Daniel C. Opperman*