# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTEL CLARK and CARMELITA CLARK,

    Plaintiffs,

vs.                                                                                                                                                                                               No. CIV 04-0921 JB/RLP

MEIJER, INC. and MEIJER STORES
LIMITED PARTNERSHIP, and MEIJER
COMPANIES, LTD., and FRED MEIJER;
DOUG MEIJER; HANK MEIJER; MARK
MEIJER; BILL NOAKS; PAUL BOYER;
STACIE R. BEHLER; ROB VEROSELY;
JEFFREY S. RUEBLE; GREG WINICKI;
DANIEL C. OPPERMAN; JONTZ DAWE
GULLY & CROWN, P.C.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants Meijer, Inc., Meijer Stores Limited Partnership, Meijer Companies, Ltd., Fred Meijer, Doug Meijer, Hank Meijer, Mark Meijer, Bill Noaks, Paul Boyer, Stacie R. Behler, Rob Verheulen (erroneously identified as Rob Verosely), Jeffrey S. Ruble and Greg Winicki's (the "Meijer Defendants") Motion to Dismiss and for Sanctions, filed September 20, 2004 (Doc. 32). The primary issue is whether the Court has personal jurisdiction over these Defendants and, if not, whether the Court should sanction the Plaintiffs, Antel Clark and Carmelita Clark (the "Clarks"), for bringing this suit against these Defendants. Because the Clarks have not shown that the Court has personal jurisdiction over the Meijer Defendants, the Court will grant the motion to dismiss and enter a sanction against the Clarks for asserting jurisdiction when there is no basis for them doing so.

## FACTUAL BACKGROUND

Meijer, Inc. is a Michigan Corporation with its principal place of business in Grand Rapids, Michigan. Meijer Stores Limited Partnership is a partnership formed under the laws and within the State of Michigan. Meijer operates 162 grocery and general merchandise stores in five states exclusively: Michigan, Illinois, Indiana, Ohio, and Kentucky. See Affidavit of Robert J. VerHeulen ¶¶ 4-6, 17, at 2-3 (executed September 16, 2004). Meijer is not now, nor ever has been, registered to do business in New Mexico, owns no property in New Mexico, and has no business operations of any kind in New Mexico. See id. ¶¶ 18-20, at 3. Meijer has no employees or agents in New Mexico. See id. ¶ 21, at 3. The individually named Defendants are key executives, officers, directors, and corporate lawyers.

This lawsuit's history stems from an initial lawsuit that the Clarks filed with the Wayne County Circuit Court in Detroit, Michigan, Case No. 01-128503-CZ, alleging various state and federal statutory violations related to the employment relationship between Antel Clark and Meijer. See Clark v. Meijer, No. 01-128503-CZ, Complaint (Cir. Ct. Wayne County, filed August 22, 2001). Meijer removed that case from state court to the United States District Court for the Eastern District of Michigan; the federal court designated it as Case No. 73525 and assigned it to the Honorable Arthur Tarnow, United States District Judge. See id., No. 73525, Notice of Removal (E.D. Mich.). The Clarks, displeased with the removal of their case from Wayne County, sought remand of that matter and filed several motions seeking relief from the federal court in an effort to send the case back to state court and/or to enter a default judgment against Meijer. See id., Order Denying Plaintiff's Motion to Remand and Show Cause (E.D. Mich, filed October 4, 2001). The federal court

denied each motion. See id., Order Denying Plaintiff's Motion for Default and Denying Plaintiff's Motion to Remove (filed October 3, 2001); id., Magistrate Sheer's Report and Recommendation (filed November 11, 2001). On July 16, 2002, Judge Tarnow summarily dismissed the Clarks' first case with prejudice and entered judgment on the defendant's behalf. See id., No. 73525, Judgment in Favor of Defendant (filed July 16, 2002); id., Order (filed July 16, 2002).

Rather than recognizing the federal court's jurisdiction over the dispute, and accepting Judge Tarnow's rulings on removal, remand, and default issues, the Clarks, on December 20, 2001, filed a second lawsuit against Meijer seeking relief similar to that they had requested in their previous complaint and in motions presented to Judge Tarnow. See Clark v. Meijer, No. 01-143024-CZ (Cir. Ct. Wayne County, filed December 20, 2001). On June 13, 2002, the state court in Wayne County dismissed the second case on the Defendant Meijer's Motion for Summary Disposition. See id., Order (filed June 18, 2002).

In lieu of taking appropriate and legally recognized recourse, on July 1, 2002, the Clarks filed their third complaint against Meyer, Inc. in Wayne County Circuit Court on grounds similar to these in the earlier suits. See Clark v. Meijer Inc., No. 02-222538 (Cir. Ct. Wayne County, dated July 1, 2002). On October 7, 2002, the Wayne County Circuit Court once again dismissed the Clarks' Complaint and their third lawsuit. See id., Order Granting Defendant Meijer Inc.'s Motion for Summary Disposition (filed October 7, 2002).

Sometime in 2003, the Clarks apparently relocated to New Mexico. On or about May 5, 2003, the Clarks filed another complaint, their fourth, in the United States District Court for the District of New Mexico, reasserting allegations similar to those in the earlier lawsuits. See Clark v. United Food and Commercial Workers Int'l Union Local 951, No. CV-02-0552 JP/RLP (D.N.M.,

filed May 5, 2003). In this suit, the Clarks joined as defendants United Food and Commercial Workers, Meijer, Inc., and Meijer Stores Limited Partnership. On July 30, 2003, the District Court, through the Honorable James A. Parker, dismissed the Clarks' complaint as to Meijer, Inc. and Meijer Stores Limited Partnership for lack of personal jurisdiction. See id., Memorandum Opinion and Order Granting Defendants' Motion to Dismiss (D.N.M., filed July 30, 2003). As Judge Parker explained:

> When a defendant has challenged the personal jurisdiction of a court over the defendant, the plaintiff has the burden of proving that jurisdiction exists. Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995). The Affidavit of Robert VerHeulen sets forth undisputed facts that the Meijer Defendants neither transacted business within the State of New Mexico nor committed any tortious act within the State of New Mexico. Plaintiffs have not presented, either in their pleadings or in an affidavit, facts that raise any controversy on these issues. Moreover, Plaintiffs have not shown, as they are required to, that the Meijer Defendants have sufficient minimal contacts with the State of New Mexico to meet the requirements of due process before a court in the State of New Mexico can establish personal jurisdiction over them. International Shoe Company v. State of Washington, 326 U.S. 310 (1945). Therefore, Plaintiffs' action against Defendants Meijer Stores Limited Partnership and Meijer, Inc. must be dismissed for lack of personal jurisdiction in this court. However, the dismissal will be without prejudice to Plaintiffs filing suit against the Meijer Defendants in a court that would have personal jurisdiction over them.

Id. at 3-4. Judge Parker dismissed the remaining defendant, United Food and Commercial Workers, for insufficient service of process. See id., Order (D.N.M., filed July 30,2003); id., Order of Dismissal (D.N.M., filed September 16, 2003).

Within a month of the dismissal of the fourth case, the Clarks filed their fifth adversary proceeding in conjunction with a Chapter 13 petition in the United States Bankruptcy Court, District of New Mexico. See Clark v. Meijer, Inc., Meijer Store Limited Partnership, et. al., No. 03-1281 (D.N.M. Bky., filed July 16, 2003). The Clarks brought this suit against several defendants,

including Meijer, Inc. and Meijer Stores Limited Partnership. See id., Order Dismissing Adversary Proceeding for Lack of Jurisdiction (filed March 5, 2004). On November 21, 2003, the Bankruptcy Court granted the defendants' Motion for Summary Judgment, thereby dismissing the Clarks' claims with prejudice. See id., Order Granting Defendants Meijer Stores Limited Partnership and Meijer, Inc.'s Motion for Summary Judgment (filed November 21, 2003). On February 18, 2004, the Bankruptcy Court, sua sponte, dismissed the Clarks' adversary proceeding and fifth lawsuit for lack of subject matter jurisdiction. See id., Order Dismissing Adversary Proceeding for Lack of Jurisdiction (filed March 5, 2004).

Despite some language in the Clarks' Complaint and Response, there is no evidence that any court, state or federal, has entered a default judgment against Meijer, Inc., the Meijer Stores Limited Partnership, or any other Meijer Defendant named in this lawsuit. Instead, the courts have dismissed each attempt the Clarks have made to obtain relief against the Meijer entities. Indeed, the various courts have summarily dismissed the Clarks' causes of actions in each of the Clarks' prior attempts to litigate causes of action similar to these set forth in their most recent Complaint. See Clark v. Meijer, No. 01-128503-CZ, Complaint (Cir. Ct. Wayne County, filed August 22, 2001), Judgment in Favor of Defendant (filed July 16, 2002); id., Order (filed July 16, 2002); Clark v. Meijer, No. 01-143024-CZ (Cir. Ct. Wayne County, filed December 20, 2001), Order (filed June 18, 2002); Clark v. Meijer Inc., No. 02-222538 (Cir. Ct. Wayne County, dated July 1, 2002), Order Granting Defendant's Motion for Summary Disposition (filed October 7, 2002).

**PROCEDURAL BACKGROUND**

This action represents the sixth lawsuit that the Clarks have filed against certain of the Meijer Defendants, namely Meijer, Inc. and Meijer Stores Limited Partnership. The Clarks filed their

Complaint for Personal Injury and Recovery of Money with this Court on August 25, 2004, on grounds similar to those raised in other complaints and proceedings that the Clarks have filed. In this case, the Clarks have added additional Defendants to this ongoing litigation, namely Meijer Companies, Ltd., Fred Meijer, Doug Meijer, Hank Meijer, Mark Meijer, Bill Noaks, Paul Boyer, Stacie R. Behler, Rob Verheulen, whom the Clarks may have erroneously identified as Rob Verosely, Jeffrey S. Rueble, and Greg Winicki.

The Clarks state in their Complaint that they "have satisfied this Court's jurisdiction over the person, over the subject matter, and over the geographical or territorial jurisdiction in regards to this complaint for recovery of money/personal injury etc." Complaint ¶ 2, at 2.

Counsel for the Meijer Defendants states that, on September 17, 2004, he attempted to obtain concurrence for their motion to dismiss and for sanctions. See D.N.M. LR-Civ. 7.4(a). The Clarks made no contact with counsel for the Meijer Defendants following the Meijer Defendants' request for concurrence. The Meijer Defendants now move the Court, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the Clarks' Complaint for failure to state a claim upon which the Court can grant relief or, alternatively, pursuant to rule 12(b)(2), for lack of personal jurisdiction. They also request the Court to rely on its inherent powers to impose sanctions against the Clarks for filing a frivolous lawsuit.

The Clarks attached to their Response a factual history of the various lawsuits involving the parties herein. Given the ground on which the Court intends to dispose of this motion, that history is not relevant to the motion before the Court. Rather than reciting and trying to sort out that lengthy history, the Court will note that it has reviewed the Clarks' interpretation of the various lawsuits and will take that into consideration only with regard to the request for sanctions.

## **STANDARDS FOR DECIDING PERSONAL JURISDICTION**

"The plaintiff bears the burden of establishing personal jurisdiction over the defendant." Behagen v. Amateur Basketball Ass'n, 744 F.2d 731, 733 (10th Cir. 1984). See Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995). When jurisdiction is "decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing" of facts that would support the assertion of jurisdiction. Id. "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavit." Behagen v. Amateur Basketball Ass'n, 744 F.2d at 733. When, however, a defendant presents credible evidence through affidavits or other materials suggesting the lack of personal jurisdiction, the plaintiff must come forward with sufficient evidence to create a genuine dispute of material fact on the issue. See Doe v. Nat'l Med. Servs., 974 F.2d 143, 145 (10th Cir. 1992). Only if the plaintiff meets the obligation of contesting the credible evidence that the defendant presents does the court resolve the factual disputes in favor of the plaintiff. See Wenz v. Memery Crystal, 55 F.3d at 1505; Behagen v. Amateur Basketball Ass'n, 744 F.2d at 733.

The New Mexico long-arm statute, NMSA 1978 § 38-1-16, authorizes the exercise of jurisdiction over one "whether or not a citizen or resident of this state . . . as to any cause of action arising from: (1) the transaction of any business within this state [or] (3) the commission of a tortious act within this state . . . ." A federal court also cannot sustain personal jurisdiction unless a defendant has sufficient minimal contact with a forum so as not to offend traditional notions of fair play and substantial justice. See Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945).

The minimum contacts inquiry protects a defendant from having to defend a lawsuit in a jurisdiction where it has no meaningful contacts and therefore may be unfamiliar with both the

substantive and procedural law. See Origins Natural Res., Inc. v. Ben Kotler and LDI, L.L.C., 133 F.Supp.2d 1232, 1235 (D.N.M. 2001)(Black, J.)(citing OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1090 (10th Cir. 1998)). To determine whether the plaintiff has established minimum contacts, a court should look at the degree to which a defendant purposefully initiated activity within the state. See Hanson v. Denckla, 357 U.S. 235, 253 (1958); Sanchez v. Church of Scientology, 115 N.M. 660, 665, 857 P.2d 771, 775 (1993). A defendant's conduct in connection with the forum must be such that it should reasonably anticipate being hauled into court there. See World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 292 (1980). "Unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum State." Hanson v. Denckla, 357 U.S. at 253; Doe v. Nat'l Med. Servs., 974 F.2d at 145.

When a defendant couples a 12(b)(2) motion with other issues, the court must first determine the jurisdictional issue. See OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d at 1090. If jurisdiction is lacking, the court cannot render a valid judgment on the merits as to the other issues. Id. As the United States Court of Appeals for the Second Circuit has explained:

> Not only does logic compel initial consideration of the issue of jurisdiction over the defendant--a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim--but the functional difference that flows from the ground selected for dismissal likewise compels considering jurisdiction and venue questions first. A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim upon which relief can be granted is with prejudice.

Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir. 1963).

If a court determines that personal jurisdiction is lacking as to some or all of the defendants, all other claims and issues related to those claims brought against those defendants are rendered

moot. See Daugherty v. U.S., 73 Fed. Appx. 326, 329-30, 2003 WL 21666677, **2 (10th Cir. July 17, 2003). The court should then dismiss the claims without prejudice on jurictional grounds. See Posner v. Essex Ins. Co., 178 F.3d 1209, 1221 (11th Cir. 1999). As the United States Court of Appeals for the Eleventh Circuit explained, by dismissing without prejudice:

> [The] holding does not preclude further litigation of the[] claims on the merits, but it does preclude that litigation from occurring in [courts bound by the same jurisdiction limits]. See Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir.1963) ("A dismissal for lack of jurisdiction ... does not preclude a subsequent action in an appropriate forum."). In other words, a dismissal due to lack of personal jurisdiction acts as res judicata for the jurisdictional issue. See North Georgia Elec. Membership Corp. v. City of Calhoun, 989 F.2d 429, 432-33 (11th Cir. 1993).

Id. See Eaton v. Weaver Mfg. Co., 582 F.2d 1250, 1251 (10th Cir. 1978)(holding that "a state court judgment deciding that there was no personal jurisdiction over defendant had, inter alia, reached the merits of the jurisdictional issue and as such is res judicata, precluding relitigation thereof between" the same parties in a federal court sitting in the same jurisdiction as the state court); id., 582 F.2d at 1255-56 & n.10. Dismissing the case for lack of personal jurisdiction, therefore, acts as res judicata in the courts subject to the same jurisdiction limits, but does not preclude litigation of the merits in a court with jurisdiction. See Posner v. Essex Ins. Co., 178 F.3d at 1221.

## **LAW ON SANCTIONS**

Courts have the inherent power to levy sanctions in response to abusive litigation practices. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 756 (1980). This Court has the inherent power to impose a variety of sanctions on litigants to regulate its docket, promote judicial efficiency, and deter frivolous filings. See ADS Fin. Servs. v. United States, No. COV. 95-1469, 1997 WL 382110, *1 (D.N.M. Mar. 26, 1997)(unpublished decision)(Hansen, J.)(citing Martinez v. Internal Revenue Service, 744 F.2d 71, 73 (10th Cir. 1984)).

Because the exercise of the court's inherent power is not governed by rule or statute, see <u>Chambers v. NASCO, Inc.</u>, 501 U.S. at 43, the power "must be exercised with restraint and discretion," <u>Roadway Express v. Piper</u>, 447 U.S. at 764. As the United States Court of Appeals for the Tenth Circuit has explained:

> When deciding to impose sanctions on an abusive litigant the court must balance two competing interests: (1) the litigant's constitutional right of access to the courts, see <u>Bounds [v. Smith]</u>, 430 U.S. [817,] 821 [(1977)]; and (2) the court's inherent power to regulate its docket, see <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-31 (1962); see also <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 764 (1980).

<u>Green v. Price</u>, No. 95-1079, 95-1080, 1996 WL 56075, **2 (10th Cir. Feb. 9, 1996)(unpublished decision).

The right of access to the courts is not absolute or unconditional; a plaintiff has no constitutional right to bring frivolous or malicious lawsuits. See <u>Depineda v. Hemphill</u>, 34 F.3d 946, 948 (10th Cir. 1994)("Plaintiff has no absolute, unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions.")(citing <u>Winslow v. Hunter</u>, 17 F.3d 314, 315 (10th Cir.1994)); <u>Tripati v. Beaman</u>, 878 F.2d 351, 353 (10th Cir. 1989). Although "[l]itigiousness alone will not support an injunction restricting filing abilities[,] . . . injunctions are proper where the litigant's abusive and lengthy history is properly set forth." <u>Id.</u> If a plaintiff has a lengthy history of repetitive filings and abuse of the judicial process, a court may, in its discretion, impose sanctions on future filings of a litigant under its "inherent power to enter orders necessary and appropriate in aid of our jurisdiction." <u>Depineda v. Hemphill</u>, 34 F.3d at 948 (imposing sua sponte sanctions on a criminal defendant who filed eleven pro se appeals in approximately six years)("Based on plaintiff's history of repetitive filings and abuse of the judicial process, we have sua sponte chosen to impose appellate sanctions on plaintiff's future filings in this court

'commensurate with our inherent power to enter orders "necessary or appropriate" in aid of our jurisdiction' under 28 U.S.C. § 1651(a).")(quoting Winslow v. Hunter, 17 F.3d at 314-15).  A court may impose reasonable filing restrictions on a plaintiff so long as the court publishes guidelines on how the plaintiff may file a subsequent action and provides the plaintiff an opportunity to respond to the protective order.  Id. (citing Tripati v. Beaman, 878 F.2d at 354).

## ANALYSIS

The Clarks' lengthy response to the Meijer Defendants' Motion to Dismiss and for Sanctions does not address the issues that the Meijer Defendants raise.  Specifically, the Clarks do not address the Meijer Defendants' contention that none of them are subject to the Court's jurisdiction.  Accordingly, the Clarks have not satisfied the elements necessary to establish personal jurisdiction over the named Meijer Defendants.

### I. THE CLARKS ARE UNABLE TO ESTABLISH THAT THIS COURT HAS PERSONAL JURISDICTION.

The Court is uncertain as to what paragraph 2 of the Complaint means.  Upon a complete review of the Complaint, however, the Court does not see a specific provision therein for the exercise of personal jurisdiction over any of the Meijer Defendants.  Thus, rule 4 of the Federal Rules of Civil Procedure controls the Court's power to exercise in personum jurisdiction over the Meijer Defendants.  See Cable/Home Communication Corp. v. Network Productions., Inc., 902 F.2d 829, 855 (11th Cir. 1990).

Under rule 4(k), the Court may exercise personal jurisdiction over the Meijer Defendants to the extent that the courts of the State of New Mexico would themselves have jurisdiction over the Meijer Defendants.  See Fed. R. Civ. P. 4(k)(1)(A).  The Clarks also have the burden of

demonstrating that the Meijer Defendants' contacts with this forum are sufficient to meet due process requirements. See Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1417 (10th Cir. 1988); Beh v. Ostergard, 657 F.Supp. 173, 177 (D.N.M. 1987)(Conway, J.). In this lawsuit, the sixth such case against Meijer, the Clarks have not alleged nor otherwise presented the elements necessary to establish personal jurisdiction over any of the Meijer Defendants.

In assessing whether any of the Meijer Defendants have sufficiently continuous and systematic contacts with the forum, the Court must consider whether the Meijer Defendants have an office or agents in New Mexico, whether they solicit business within New Mexico, whether they hold themselves out as doing business in New Mexico, and whether they obtain a substantial volume of their business from New Mexico. See Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 457 (10th Cir. 1996). The affidavit of Robert VerHeulen, Vice-President, Deputy General Counsel for Meijer, establishes the absence of "minimum contacts" with the State of New Mexico necessary under the International Shoe analysis.[1]

The only events that have occurred in New Mexico are some of the Meijer Defendants' defending against the Clarks' prior lawsuits. Because the federal court did not have jurisdiction over the Meijer Defendants when they were first served in Judge Parker's case, see Brandir Intern., Inc v. Cascade Pacific Lumber Co., No. 84 CIV. 1411, 1988 WL 78382, *1 (S.D.N.Y. July 18, 1998)("[I]t is uniformly held that 'jurisdiction is to be determined by examining the conduct of the defendants at the time of service of the complaint.'")(quoting Green v. Sha-Na-Na, 637 F.Supp. 591, 595 (D.Conn. 1986)), and because the Meijer Defendants successfully raised the defense of lack of

---

[1] Because there is no evidence that the individual officers and directors sued by the Clarks had additional contacts with New Mexico, the Clarks failed to establish personal jurisdiction as to each of them as well. See World Wide-Volkswagon Corp. v. Woodson, 444 U.S. 286, 291 (1980).

personal jurisdiction under rule 12(b)(2), their defense of that case does not confer jurisdiction in the case here.[2] See Fed. R. Civ. Proc. 12(b); Housing Authority of City of Atlanta, Georgia v. Millwood, 472 F.2d 268, 272 (5th Cir. 1973)("Under [rule] 12(b) there is no longer any necessity for appearing specially to protest the court's jurisdiction or question the sufficiency of process or service of process. All such objections are assertable in an answer or motion to dismiss pursuant to Rule 12(b)."). It would be an odd result if the Clarks were able to eventually obtain personal jurisdiction over the Meijer Defendants that the Court did not have originally by continuing to sue them.

The only legally cognizable connection this matter has with New Mexico is that New Mexico appears to be the Clarks' most recent domicile. The Clarks moving their domicile to Albuquerque, New Mexico – without more – does not create personal jurisdiction over non-resident defendants such as the Meijer Defendants.

The Clarks have not satisfied the elements necessary to confer jurisdiction upon this Court. The Court will therefore dismiss the Clarks' case against the Meijer Defendants.[3]

## II. THE COURT WILL SANCTION THE CLARKS FOR THEIR ABUSE OF THE JUDICIAL SYSTEM.

The basis for imposing sanctions against the Clarks lies in part on their filing of a claim against Defendants Meijer, Inc. and Meijer Stores Limited Partnership after a federal judge in the District of New Mexico already determined it lacked personal jurisdiction over these Defendants.

---

[2] In the bankruptcy proceedings, defendants Meijer, Inc. and Meijer Stores Limited Partnership did not raise the issue of lack of personal jurisdiction. Judge McFeely, however, ultimately dismissed the entire case, sua sponte, for lack of subject matter jurisdiction.

[3] Because the Court has decided that it does not have personal jurisdiction over the Meijer Defendants, the Court will not and should not decide whether res judicata bars the Clarks' claims against them in another forum. See OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d at 1090.

See Posner v. Essex Ins. Co., 178 F.3d at 1221; Eaton v. Weaver Mfg. Co., 582 F.2d 1250, 1251, 1255-56 & n.10.  Despite Judge Parker's decision approximately a year before this current suit, the Clarks filed another claim against several Defendants, of which Meijer, Inc. and Meijer Stores Limited Partnership were two.  The filing of this suit after a court within this district already determined the issue of personal jurisdiction indicates the Clarks' willingness to abuse the Court's judicial process in hopes of achieving a personal pecuniary benefit.

In addition, the Clarks' allegations appear, at this stage of their litigation history and in this forum, to be more an attempt to harass the Meijer Defendants and to cause a needless increase in the cost of litigation for a matter that other courts have already adjudicated, in whole or part, on five previous occasions.  The Clarks' Response to the Meijer Defendants' Motion to Dismiss and for Sanctions demonstrates the Meijer Defendants' position that the Clarks' repeated attempts to relitigate matters that various state and federal courts have dismissed are becoming a burden.  At least as to their assertion of personal jurisdiction in this case, the Clarks' allegations are frivolous, unsupported by existing law, have no factual or evidentiary support, and further investigation is not warranted considering this Court's, as well as other courts', prior rulings.

The Clarks are unable to establish the necessary elements for this Court to maintain personal jurisdiction and have acted in bad faith by filing this lawsuit with frivolous allegations that the Court does have such jurisdiction, especially over Meijer, Inc. and Meijer Stores Limited Partnership. "Because Plaintiff has abused the privileges granted him, filing restrictions are appropriate." Depineda v. Hemphill, 34 F.3d at 948.  The Court will impose the following filing restrictions on the Clarks.  See id.; Winslow v. Hunter, 17 F.3d at 315-16; Ketchum v. Cruz, 961 F.2d 916, 921 (10th Cir.1992)(citing Tripati v. Beaman, 878 F.2d at 354 (approving restrictions placed on litigants

with a documented lengthy history of vexatious, abusive actions, so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given an opportunity to respond to the restrictive order)).

The Court will first dismiss the Clarks' claims against each of the Meijer Defendants in their entirety without prejudice and will enter an order preventing the Clarks from pursuing further litigation against the Meijer Defendants in this lawsuit. The Court will also award the Meijer Defendants their reasonable attorneys' fees and other expenses in preparing this motion. See Roadway Express v. Piper, 447 U.S. at 765-66 (holding that the general rule prohibiting recovery of attorney fees does not apply when the opposing party acts in bad faith). The Court will also enter an order preventing the Clarks from filing any legal proceedings in United States District Court for the District of New Mexico against any named Meijer Defendant unless a licensed attorney admitted to practice before this Court signs the pleading or they first obtain permission to proceed pro se.[4] See Depineda v. Hemphill, 34 F.3d at 948-49. To obtain permission to proceed pro se against the Meijer Defendants named herein, the Clarks must take the following steps:

1.      File a petition with the Clerk of the Court requesting leave to file a pro se original proceeding against the Meijer Defendants.

2.      File with the Clerk a notarized affidavit, in proper legal form, which recites the issues they seek to present, including a short discussion of the legal right asserted and why the Court has personal jurisdiction over the Meijer Defendants. The affidavit must certify, to the best of the Clarks' knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or

---

[4] In any action in which the Clarks are defendants, these restrictions will not apply.

reversal of existing law, that the new suit is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that they will comply with all Federal and local rules of this Court. The affidavit must certify why the proposed new suit does not present the same issues decided twice by the Court and why another suit against the Meijer Defendants would not be an abuse of the system.

The Clarks shall submit these documents to the Clerk of the Court, who shall forward them to the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge, for review to determine whether to permit a pro se original proceeding. Without Judge Garcia's approval, and the concurrence of the assigned Article III Judge, the Court will dismiss the action. If Judge Garcia approves the filing, he shall enter an order indicating that the new proceeding shall proceed in accordance with the Federal Rules of Civil Procedure.

The Plaintiffs shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. If the Clarks do not file objections, the sanctions shall take affect twenty days from the date of this order. The filing restrictions shall apply to any matter filed after that time. If the Plaintiffs timely file objections, these sanctions shall not take effect until the Court has ruled on the objections.

**IT IS ORDERED** that the Complaint against Defendants Meijer, Inc., Meijer Stores Limited Partnership, Meijer Companies, Ltd., Fred Meijer, Doug Meijer, Hank Meijer, Mark Meijer, Bill Noaks, Paul Boyer, Stacie R. Behler, Rob VerHeulen (and Rob Verosely, if he is another person), Jeffrey S. Rueble, and Gregg Winicki (the "Meijer Defendants"), and the causes therein, are dismissed without prejudice; the Plaintiffs are barred from further litigation against the Meijer Defendants in this lawsuit; the Plaintiffs shall pay the Meijer Defendants their reasonable attorneys'

fees and other expenses incurred in preparing the motion to dismiss; the Plaintiffs are barred from filing any legal proceedings in the United States District Court for the District of New Mexico against any named Meijer Defendant unless a licensed attorney, admitted to practice before this Court, signs the pleading or they first obtain permission to proceed pro se.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Antel Clark
Carmelita Clark
Albuquerque, New Mexico

 *Pro se Plaintiffs*

R. Thomas Dawe
Lewis and Roca Jontz Dawe, LLP
Albuquerque, New Mexico

 *Attorney for Defendants Meijer, Inc., Meijer Stores Limited Partnership, Meijer Companies, Ltd., Fred Meijer, Doug Meijer, Hank Meijer, Mark Meijer, Bill Noaks, Paul Boyer, Stacie R. Behler, Rob VerHeulen (identified by the Plaintiffs as Rob Verosely), Jeffrey S. Rueble, and Greg Winicki*

Henry F. Narvaez
The Narvaez Law Firm, P.A.
Albuquerque, New Mexico

 *Attorney for the Defendants Jontz, Dawe, Gulley and Crown, P.C. and Daniel C. Opperman*