IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTEL CLARK and CARMELITA CLARK,

        Plaintiffs,

vs.                                                              No. CIV 04-0921 JB/RLP

MEIJER, INC. and MEIJER STORES
LIMITED PARTNERSHIP, and MEIJER
COMPANIES, LTD., and FRED MEIJER;
DOUG MEIJER; HANK MEIJER; MARK
MEIJER; BILL NOAKS; PAUL BOYER;
STACIE R. BEHLER; ROB VEROSELY;
JEFFREY S. RUEBLE; GREG WINICKI;
DANIEL C. OPPERMAN; JONTZ DAWE
GULLY & CROWN, P.C.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Jontz, Dawe, Gulley & Crown,

P.C. and Daniel C. Opperman's Motion for Summary Judgment, filed October 18, 2004 (Doc. 52).

The Court held a hearing on this motion on December 30, 2004.  The *pro se* Plaintiffs, Antel and

Carmelita Clark ("the Clarks"), did not appear for the hearing, either in person or telephonically.  The

issue is whether the Court has subject matter jurisdiction over this case.  Because the Clarks are New

Mexico residents, and at least one of the remaining Defendants, Daniel C. Opperman, is a New

Mexico resident, the Court lacks complete diversity.  Moreover, the Complaint, on its face, does not

attempt to raise federal claims against the remaining Defendants.  Accordingly, the Court does not

have federal question jurisdiction, and to the extent it ever had federal question jurisdiction, the Court

declines to exercise supplemental jurisdiction over the remaining state law claims now that any federal

claims are gone.  For the reasons stated at the December 30, 2004 hearing, and consistent with that

oral ruling, the Court will therefore grant the Defendants' motion for summary judgment, which the

Court treats as a motion to dismiss for lack of subject matter jurisdiction.[1]

## FACTUAL BACKGROUND

The Clarks are New Mexico residents.  See Complaint ¶ 1, at 2, filed August 16, 2004 (Doc.

1).  Although the Clarks do not address in their Complaint the Defendants' residency, Defendant

Jontz, Dawe, Gully & Crown, P.C. ("JDGC") was, at all times relevant to the Clarks' Complaint, a

law firm incorporated in New Mexico with its principal place of business in New Mexico, and

Defendant Daniel C. Opperman is a New Mexico resident.  See Affidavit of Daniel C. Opperman ¶

3-4, at 1 (executed October 18, 2004).[2]  Opperman is an Associate at the Lewis and Roca Jontz

Dawe law firm, which was formerly known as JDGC.  See id. ¶ 2, at 1.

## PROCEDURAL BACKGROUND

The Clarks are proceeding *pro se*.  On August 16, 2004, the Clarks filed suit against two sets

of Defendants: (i) Meijer, Inc., Meijer Stores Limited Partnership, Meijer Companies, Ltd., Fred

Meijer, Doug Meijer, Hank Meijer, Mark Meijer, Bill Noaks, Paul Boyer, Stacie R. Behler, Rob

---

[1] Although JDGC and Opperman filed a motion for summary judgment, and the Court treated it as such in its oral ruling at the hearing, the Court will decide JDGC and Opperman's motion as a motion to dismiss for lack of jurisdiction over the subject matter under rule 12(b)(1) of the Federal Rules of Civil Procedure.

[2] Opperman is careful not to state that JDGC is currently incorporated in New Mexico or even that it was incorporated in New Mexico at the time that the Plaintiffs filed their Complaint.  He also does not say that the new firm primarily conducts business in New Mexico.  JDGC is the predecessor of a new firm, Lewis and Roca Jontz Dawe, LLP.  Lewis and Roca is a prominent law firm having its originating office in Phoenix, Arizona.  The Court need not determine, however, whether diversity exists between JDGC and the Clarks, or whether JDGC is a New Mexico resident.  It is sufficient to destroy diversity jurisdiction that the Clarks and Opperman are residents of New Mexico.

Verosely, Jeffrey S. Rueble, and Greg Winicki (collectively "Meijer Defendants"); and (ii)

Opperman and JDGC. The claims against JDGC and Opperman arise from their representation of the Meijer Defendants in an underlying proceeding in Bankruptcy Court.

The Clarks' Complaint does not assert diversity jurisdiction. See Response ¶ 1, at 1. Instead, the Clarks allege in their response that they asserted federal question jurisdiction. See id. The only support for federal jurisdiction the Clarks provide in their response is the "Case Information" summary from the Court's on-line database, Advanced Court Engineering project ("ACE"). When a party files a complaint, the Clerk's Office completes the "cause of action" section in the Case Information sheet. In a *pro se* case, the Clerk's Office usually designates the case a "federal question" cause of action. In their response, the Clarks provide the Court with the Case Information sheet listing the cause of action as "Fed. Question: Personal Injury" as evidence of jurisdiction in this matter before the Court. According to the Clarks, because the Court's "docketing" refers to the case as one of "Federal Question," the Court has subject matter jurisdiction. See id. ¶ 4, at 2.

The Clarks assert a variety of claims against JDGC and Opperman, including "prima facie negligence, negligence per se, conspiracy against citizens rights, intentional discrimination, abuse of judicial procedures, intentional infliction of emotional and financial distress, legal malpractice, obstruction of justice, fraud, [and] misrepresentation . . . ." Complaint ¶¶ 18, 19, at 6-7. In their response to this motion, the Clarks stated that their Complaint is

> against the Defendants to recover rights/monetary relief/damages etc for Plaintiffs [sic] causes of action for the defendants [sic] unethical, conspired, unlawful, prohibited violations committed against the Plaintiffs Antel Clark and Carmelita Clark, and the defendants [sic] "negligence to use reasonable care" motivated by their intent to **continue to foment litigation,** "conspire" with malice and inflict **more** "emotional and financial distress" etc under CIV 04-0921 JB.

-3-

Response at 3 (emphasis in the original).  The Clarks go on to say that JDGC and Opperman

> ha[ve] perpetrated fraud on the courts, violated the oath/ their obligation and duty to obey a certain standard of conduct with regard to others (in this Case the Clarks)[,] violated their professional responsibility and role in the preservation of society[,] failed to maintain the highest standard of ethical conduct, misrepresented legal documents, asserted fraudulent defenses for the purposes of harassment and delay of the Clarks just due etc.

Id.  The Clarks state that, through discovery, they will obtain further information and additional facts to support these claims.  See id.

The only specific discussion in the Clark's Response of the Complaint's allegations against JDGC and Opperman is their assertion that JDGC and Opperman directed or encouraged the Meijer Defendants to engage in conduct that is unethical and forbidden to lawyers.  See id.  The Clarks state that, in this civil proceeding and in others, a lawyer who discovers a client is guilty of some impropriety must take affirmative action to correct the wrong.  See id.  The Clarks also state that, under rule 11, a lawyer's signature is the lawyer's certification that the lawyer has made a reasonable inquiry into the matter and believes that the claim and defenses alleged in the pleading have a basis in fact and are not fraud.  The Clarks argue that a lawyer also certifies that the claim or defense is not being asserted for an improper purposes, such as harassment and delay.  See id. at 3-4.

On September 15, 2004, JDGC and Opperman filed a Motion to Dismiss for failure to state a cause of action on which relief can be granted; they did not file a motion to dismiss for lack of diversity jurisdiction.[3]  The Court dismissed the negligence claims against JDGC and Opperman, finding that "New Mexico law generally does not permit non-clients to bring negligence claims

---

[3] If the Court does not have diversity jurisdiction now, the Court did not have diversity jurisdiction when the Clarks filed their Complaint.  Opperman, a New Mexico resident, destroys diversity jurisdiction.

against opposing counsel unless the non-client was somehow the intended beneficiary of the representation."  Memorandum Opinion and Order at 1, filed October 12, 2004 (Doc. 48).  The Court, however, denied the motion "[t]o the extent that the Clarks intend to plead a cause of action sounding in something other than negligence against JDGC and Opperman."  Id.

The Meijer Defendants, on September 20, 2004, also filed a Motion to Dismiss.  See Doc. 32. The Court dismissed the Complaint against the Meijer Defendants on October 19, 2004 for lack of personal jurisdiction.  See Doc. 50.  The Court also sanctioned the Clarks for claiming jurisdiction over the Meijer Defendants when there was no basis for so doing.  See Memorandum Opinion and Order at 1, 13-16.

At the hearing on the Meijer Defendants' Motion to Dismiss, and after the Court orally granted the motion, the counsel for JDGC and for Opperman, Henry Narvaez, orally made a motion to dismiss for lack of jurisdiction, arguing that, because the Court had dismissed the case against the other Defendants, the Court no longer had diversity jurisdiction.  See Transcript of Hearing at 8:24 - 9:8 (October 13, 2004).  Because the Clarks were not present at the hearing, the Court requested that JDGC and Opperman file a motion and serve it on the Clarks.  See id. at 9:8-10; id. at 9:16-24.  The Court also asked JDGC and Opperman to address in their moving papers whether it was legally significant that the Court apparently had jurisdiction over the case when it was filed.  See id. at 9:10-15.

JDGC and Opperman move the Court pursuant to rule 56 of the Federal Rules of Civil Procedure for summary judgment in their favor.  In their response, the Clarks do not contest any of the undisputed facts that JDGC and Opperman set forth in the memorandum on their motion for summary judgment.  Specifically, the Clarks do not dispute that JDGC and Opperman are residents

of New Mexico.

The Clarks do not set forth a statement of undisputed material facts in their response brief. Rather, the Clarks direct the Court's attention to their Complaint. The Complaint establishes that the Clarks are residents of New Mexico. See Complaint ¶ 1, at 1. The Complaint further indicates that all of the claims against JDGC and Opperman arise under state law and do not involve a federal question. See id. ¶¶ 18, 19, at 6-7. The Clarks, however, mention § 1983 in their response. See Response at 1.

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION VERSUS A MOTION FOR SUMMARY JUDGMENT**

JDGC and Opperman filed a motion for summary judgment, alleging that the Court lacked subject matter jurisdiction. At the hearing on his motion, the Court inquired why JDGC and Opperman filed a motion for summary judgment as opposed to a motion to dismiss under rule 12 of the Federal Rules of Civil Procedure. Mr. Narvaez responded that, because he had already filed a motion to dismiss, which the Court granted only in part, he thought the appropriate motion at this stage of the litigation was a motion for summary judgment. See Transcript of Hearing 6:8-17. Mr. Narvaez also represented that, in retrospect, he should have filed this motion as a motion to dismiss because the jurisdictional question fits within the four corners of the complaint. See id.

In Robinson v. Union Pac. R.R., 245 F.3d 1188 (10th Cir. 2001), the Tenth Circuit explained:

[The Defendant] moved, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for summary judgment, alleging that the district court lacked subject matter jurisdiction. It is permissible to move under either Rule 12(b)(6) for dismissal for failure to state a claim or Fed. R. Civ. P. 56 for summary judgment when the moving party requests that the court consider materials outside the complaint. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 518 n.8 (10th Cir.1994). When the motion to dismiss is grounded in a lack of subject matter jurisdiction, however, the motion must be brought under Rule 12(b)(1). Id. "Seeking summary judgment on a jurisdictional

-6-

issue . . . is the equivalent of asking a court to hold that because it has no jurisdiction the plaintiff has lost on the merits." Id.

An exception exists, however "[w]hen . . . subject matter jurisdiction is dependant upon the same statute which provides the substantive claim in the case." Wheeler v. Hurdman, 825 F.2d 257, 259 (10th Cir.1987).  In such cases, the issue of jurisdiction and the merits of the case are considered to be intertwined. Id.

Robinson v. Union Pac. R.R., 245 F.3d at 1191.

Neither party has argued that the subject matter jurisdiction in this case is dependent upon any statute that provides the substantive claim in the case.  The Court does not see any such statute.  Because this case's subject matter jurisdiction is not intertwined in a way that invokes the exception in Wheeler v. Hurdman, the Court will consider JDGC and Opperman's motion as a motion to dismiss for lack of subject matter jurisdiction under rule 12(b)(1).

## LAW ON SUBJECT MATTER JURISDICTION

The Clarks assert that their Complaint "should not be dismissed on [a] procedural technicality."  Response ¶ 2, at 2.  The Supreme Court of the United States has directed lower courts to hold *pro se* litigants' pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The *pro se* litigant "nevertheless must follow the same rules of procedure that govern other litigants," Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), and it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction.  There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331." Nicodemus v. Union Pac. Corp., 318 F.3d 1231, 1235 (10th Cir. 2003)(internal quotations and

citations omitted).  "If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." Karnes v. Boeing Co., 335 F.3d 1189, 1193 (10th Cir. 2003)(citing United States ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999)).

28 U.S.C. § 1332(a)(1) provides that district courts will have original jurisdiction where the amount in controversy exceeds $75,000.00 and is "between . . . citizens of different states." "It has long been the rule that to satisfy the diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1) the plaintiffs and defendants must be completely diverse: No plaintiff can be a citizen of the same state as any defendant." Salt Lake Tribune Publ'g Co. v. AT&T Corp., 320 F.3d 1081, 1095-96 (10th Cir. 2003)(citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978)).  See Levy v. Swift Transp. Co., Inc., No. 99-2167, 1999 WL 734494, at **2 (10th Cir. Sept. 21, 1999)("Diversity jurisdiction requires complete diversity--each defendant must be a citizen of a different state than plaintiff.").

The federal question statute confers jurisdiction to a district court in cases arising under "the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[T]he 'well-pleaded complaint rule' requires that the federal question appear on the face of the plaintiff's properly pleaded complaint." Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001).  "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. U.S. Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)(citations omitted).  "Mere conclusory allegations of jurisdiction are not enough." United States ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d at 1160. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer

-8-

federal-question jurisdiction." Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 813 (1986).

As the Supreme Court explained,

> Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983).

The court may consider evidence outside of the pleadings to determine whether subject matter jurisdiction exists: "Rule 12(b)(1) motions generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs., Inc. v Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004)(quoting Maestas v. Lujan, 351 F.3d 1001, 1013 (10th Cir.2003)).

## ANALYSIS

The Clarks do not establish that the Court has subject matter jurisdiction.  First, the Clarks' Complaint does not meet the complete diversity jurisdictional requirement set forth in 28 U.S.C. § 1332(a)(1).  Diversity jurisdiction does not exist, as both the Clarks and Opperman are  residents of New Mexico.  Therefore, pursuant to 28 U.S.C. § 1332(a)(1), there is an absence of complete diversity.

Rather than address the diversity issue, the Clarks contend that the Court has federal question subject matter jurisdiction.  To establish federal question jurisdiction, the Clarks' complaint must comply with the well-pleaded complaint rule by "identify[ing] the statutory or constitutional provision

under which the claim arises, and alleg[ing] sufficient facts to show that the case is one arising under federal law." Martinez v. U.S. Olympic Comm., 802 F.2d at 1280. Other than the unsupported assertion in the Complaint that the Clarks "have satisfied the Court's [j]urisdiction . . . over the subject matter," Complaint ¶ 2, at 2, the only other evidence offered by the Clarks to support this Court's subject matter jurisdiction is the "Caption Report" from ACE, which classified the case as one involving a federal question. The power of this Court of limited jurisdiction to decide this case, however, does not hinge on the classification assigned by the Court's Clerk's Office. The "[m]ere conclusory" assertion that there is subject matter jurisdiction in the Complaint is also insufficient to satisfy the Clarks' burden. United States ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d at 1160. Instead, the Clarks must prove, by a preponderance of evidence, that the Complaint "establishes . . . that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. at 27-28.

A careful reading of the Clarks' 140-paragraph Complaint, however, indicates the claims against JDGC and Opperman do not involve "a federal law creat[ing] the cause of action" and do not require "resolution of a substantial question of federal law." To the contrary, the Complaint against JDGC and Opperman appears to rely exclusively on state law. Although the Complaint mentions several federal statutes, every part of the Complaint that attempts to raise a federal question is against the Meijer Defendants, and not against JDGC and Opperman. See Complaint ¶ 24, at 7 ("Workers' Disability Compensation Act etc.");[4] id. ¶ 28, at 8 ("National Labor Relations Act"); id. ¶ 45, at 11

---

[4] In other parts of their Complaint, the Clarks mention the National Labor Relations Act in allegations against the United Food and Commercial Workers International Union (which the Clarks abbreviate "UFCW" or "UFCW 951"). The Court, in this summary of federal statutes mentioned in

("National Labor Relations Act"); id. ¶ 60, at 13 ("Antel Clark was retaliated against by suspension approximately one week after filing a complaint . . . with the Michigan Department Civil rights regarding racial discrimination."); id. ¶ 62, at 14 ("unlawful employment retaliatory violations"); id. ¶ 63, at 14 ("National Labor Relations Act Section 8(a)(5) -- "refusal to bargain in good faith"); id. ¶ 69, at 15 (alleging his work schedule was changed as a result of filing an EEOC complaint); id. ¶ 73, at 15-16 ("The Defendants['] action to discriminate and retaliate for complaining to Federal administrative agencies about intentional racial discrimination and the union's alleged refusal to handle Mr. Antel Clark's grievances under the contract for irrelevant, arbitrary and or discriminatory reasons under the employment laws is a violation of the National Labor Relations Act, The Federal Civil Rights, Elliot-Larsen Civil Rights Act, American Disability Act etc.").[5]  Moreover, the Conclusion, which refers to the National Labor Relations Act, Title VII of the Civil Rights Act of 1964, the American Disability Act, and the Family Medical Leave Act, see Complaint at 28-29, only mentions these federal statutes in relation to the Meijer Defendants' acts, and is not connected with any alleged wrongdoing by JDGC and Opperman.  The Complaint, although it references federal statutes in multiple places, fails to allege any federal questions against JDGC and Opperman.  To the contrary, after a careful analysis of the Complaint, the only allegations against JDGC and Opperman

---

the Clarks' Complaint, does not include these allegations because the Union is not a party to this lawsuit.  The Clarks filed a separate lawsuit in the United States District Court for the District of New Mexico against the Union, see Clark v. United Food and Commercial Workers International Union Local 951, No. 04CV00744, filed July 1, 2004 (Doc. 1), which the Court dismissed for lack of prosecution, see Order, filed October 10, 2004 (Doc. 19)(D.N.M.)(Browning, J.).

[5] The Court notes that, even though the Clarks only refer to the "Defendants" in this paragraph, based on the content of the allegations contained within the paragraph, as well as the placement of such paragraph within the Complaint, the context indicates that "Defendants" in this paragraph refers only to the Meijer Defendants, and not to JDGC or to Opperman.

sound in state law.  Although the Court recognizes the liberal construction it should afford *pro se*
litigants' pleadings, it is too much of a stretch to imply a federal question in the claims brought against
JDGC and Opperman.

Moreover, even assuming that the Clarks' Complaint incorporates the federal statutes to their
allegations against the JDGC and Opperman, "the mere presence of a federal issue in a state cause
of action does not automatically confer federal-question jurisdiction."  Instead, the Clarks' must
establish, in their Complaint, that the federal issue is substantial enough to confer jurisdiction.  The
Complaint, however, does not explain how resolution of any of these federal issues is "a substantial
question of federal law."  Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust
for S. Cal., 463 U.S. at 27-28.  Moreover, even though the Clarks mentioned § 1983 in their
response, the federal question must appear on the face of the well-pleaded complaint.  See Garley v.
Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001).  Even based on the Complaint, however, the
Court cannot determine what possible federal question could arise under § 1983.  The Clarks,
therefore, fail to raise any federal question against JDGC and Opperman on the face of their
Complaint.

The Court is aware that the Supreme Court has cautioned lower courts, when a Complaint
attempts to raise a federal question, to resolve a motion to dismiss as one for failure to state a claim
upon which relief can be granted under rule 12(b)(6), as opposed to deciding it for want for
jurisdiction under rule 12(b)(1).  See Bell v. Hood, 327 U.S. 678, 681-82 (1946).  The Supreme
Court, however, recognized an exception to this rule, stating that a court may dismiss for lack of
jurisdiction when "the alleged claim under the Constitution or federal statutes clearly appears to be
immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly

insubstantial and frivolous." Id. at 682.  In this case, the federal statutes included in the Complaint, even if read to be alleged against JDGC and Opperman, are "insubstantial and frivolous" and cannot be used as a means of asserting federal jurisdiction.

The Plaintiffs have not met their burden establishing that the Court has federal question or diversity jurisdiction over their claims.  The Court does not have subject matter jurisdiction, and therefore the Court does not have original jurisdiction over the claims brought against JDGC and Opperman.  Assuming, without deciding, that these claims "form part of the same case or controversy" as the claims alleged against the Meijer Defendants, the Court, in its discretion, may exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a).  The Court, however, has dismissed all of the Meijer Defendants for lack of personal jurisdiction.  Having dismissed "all claims over which it ha[d] original jurisdiction," 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over these claims.[6]

**IT IS ORDERED** that the Defendants Jontz, Dawe, Gully & Crown, P.C. and Daniel C. Opperman's Motion for Summary Judgment, which the Court treats as a motion under rule 12(b)(1) of the Federal Rules of Civil Procedure, is granted.

_____
UNITED STATES DISTRICT JUDGE

---

[6] The Clarks represent that they will file a motion for leave to amend their complaint through court appointed counsel if the Court grants their motion for reconsideration for appointment of pro bono civil counsel.  The Court has, however, denied the Clarks' motion to appoint them counsel, see Order, filed October 6, 2004 (Doc. 46), and their motion for reconsideration, see Order, filed November 2, 2004 (Doc. 56).

Antel Clark
Carmelita Clark
Albuquerque, New Mexico

     *Plaintiffs pro se*

R. Thomas Dawe
Lewis and Roca Jontz Dawe, LLP
Albuquerque, New Mexico

     *Attorneys for Defendants Meijer, Inc.,*
       *Meijer Stores Limited Partnership, Meijer*
       *Companies, Ltd, Fred Meijer, Doug Meijer,*
       *Hank Meijer, Mark Meijer, Bill Noaks,*
       *Paul Boyer, Stacie R. Behler, Bob Verosely,*
       *Jeffrey S. Rueble, and Greg Winicki*

Henry F. Narvaez
Narvaez Law Firm
Albuquerque, New Mexico

     *Attorneys for Defendants Jontz, Dawe, Gulley and*
       *Crown, P.C. and Daniel C. Opperman*